[Cite as *Rushin v. Franks*, 2022-Ohio-1410.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| DANIEL D. RUSHIN | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| ASHLEY N. FRANKS | : | Case No. 2021 CA 0035 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 2020DR00071DF


JUDGMENT:    Affirmed


DATE OF JUDGMENT:    April 27, 2022


APPEARANCES:

For Plaintiff-Appellee

CARL E. MCCOY
57 East Main Street
Newark, OH 43055

For Defendant-Appellant

ROGER SOROKA
JOSHUA BEDTELYON
503 South Front Street
Suite 205
Columbus, OH 43215

*Wise, Earle, P.J.*

{¶ 1}  Defendant-Appellant, A.F. (mother), appeals the April 13, 2021 decision of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division, allocating parental rights and responsibilities of a child she shares with Plaintiff-Appellee, D.R. (father).

FACTS AND PROCEDURAL HISTORY

{¶ 2}  A.F. and D.R. are parents to a child born in February 2017.  Thereafter, the parties separated and shared parenting duties until January 2020.  On January 17, 2020, appellee filed a complaint for parentage and allocation of parental rights and responsibilities.  A hearing was held on January 13, 2021.  The parties stipulated to paternity.  By decision filed February 10, 2021, the magistrate found appellee to be the child's natural father, and designated appellee as the residential parent and sole legal custodian of the child with parenting time to appellant.

{¶ 3}  Appellant filed an objection challenging the manifest weight of the magistrate's decision.  By opinion/judgment entry filed April 13, 2021, the trial court denied the objection and adopted the magistrate's decision with a modification.

{¶ 4}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 5}  "THE TRIAL COURT'S DENIAL OF DEFENDANT'S GENERAL OBJECTION WAS AN ABUSE OF DISCRETION RENDERING IT AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED."

I

{¶ 6}   In her sole assignment of error, appellant claims the trial court abused its discretion in denying her general objection to the magistrate's decision, rendering the resulting decision against the manifest weight of the evidence.  We disagree.

{¶ 7}   This case involves an initial custody decision between the parties.  The standard of review in initial custody cases is whether the trial court abused its discretion. *Bechtol v. Bechtol,* 49 Ohio St.3d 21, 550 N.E.2d 178 (1990); *Trickey v. Trickey,* 158 Ohio St. 9, 106 N.E.2d 772 (1952).  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).  A trial court's discretion in custody disputes will be accorded due deference because the trial court is best suited to determine the credibility of the testimony and evidence presented.  Specifically, "the knowledge a trial court gains through observing witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record."  *Miller v. Miller,* 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988), citing *Trickey, supra.*  Therefore, in giving the trial court due deference, a reviewing court will not reverse the findings of a trial court as against the manifest weight of the evidence when the award of custody is supported by a substantial amount of credible and competent evidence.  *Bechtol, supra.*

{¶ 8}   On review for manifest weight, the standard in a civil case is identical to the standard in a criminal case: a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and

determine "whether in resolving conflicts in the evidence, the jury [or finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction [decision] must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). As explained by the Supreme Court of Ohio in *State v. Thompkins,* 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), citing Black's Law Dictionary 1594 (6th Ed.1990):

> Weight of the evidence concerns "the inclination of the *greater amount of credible evidence,* offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief.*" (Emphasis sic.)

{¶ 9}   In weighing the evidence, we are always mindful of the presumption in favor of the trial court's factual findings. *Eastley v. Volkman,* 132 Ohio St .3d 328, 2012-Ohio-2179, 972 N.E.2d 517.

{¶ 10} When making an initial custody determination of a child born to an "unmarried female," R.C. 3109.042(A) states a trial court "shall treat the mother and father as standing upon an equality when making the designation" of residential parent and legal custodian of the child. Under R.C. 3109.04(B)(1), a trial court's custody determination

"shall take into account that which would be in the best interest of the children." Factors to be considered include, but are not limited to, ten factors set forth in R.C. 3109.04(F)(1) which were clearly considered in the magistrate's decision.

{¶ 11} Under this assignment, appellant makes six arguments: 1) the admission of and substantial weight given to uncontextualized, unauthenticated screenshots of text messages was improper; 2) the weight given to her mental health without giving due weight to her successful treatment was improper; 3) the failure to give weight to injuries suffered by the child while under appellee's care and appellee's failure to procure medical care for the child was improper; 4) the finding that appellee has a more suitable schedule to parent the child was unfounded and contrary to the evidence; 5) the failure to give weight to appellee's history of noncompliance with parenting agreements and refusal to care for the child was improper; and 6) the dependence on a hearing that never occurred in rendering a decision was unconscionable. These arguments were raised in appellant's March 26, 2021 objections to the trial court.

ADMISSION OF SCREENSHOTS OF TEXT MESSAGES

{¶ 12} The admission or exclusion of evidence lies in a trial court's sound discretion "so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake County*, 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991); *State v. Sage,* 31 Ohio St.3d 173, 510 N.E.2d 343 (1987); *Blakemore, supra.*

{¶ 13} In her appellate brief at 4, appellant argues the screenshots of the text messages were not properly authenticated and contextualized as many did not include dates or times, and were in random order "with no context to suggest when they occurred

or to what they were responsive."  Appellant argues the inability to properly authenticate the text messages "greatly diminishes their probative value and credibility."

{¶ 14} Evid.R. 901(A) states: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."  Subsection (B) sets forth illustrations of authentication conforming with the rule, including testimony that a matter is what it is claimed to be [Evid.R. 901(B)(1)], and distinctive characteristics taken in conjunction with the circumstances [Evid.R. 901(B)(4)].

{¶ 15} As explained by this court in *State v. Wilson,* 5th Dist. Stark No. 2016CA00071, 2016-Ohio-5895, ¶ 66:

> Photographic evidence, including videotapes, can be admitted under a "pictorial testimony" theory or a "silent witness" theory.  *Midland Steel Prods. Co. v. U.A.W. Local* 486, 61 Ohio St.3d 121, 129-130 (1991).  Under the pictorial testimony theory, evidence is admissible "when a sponsoring witness can testify that it is a fair and accurate representation of the subject matter, based on that witness' personal observation."  *Id.* at 129.  The person who took the photograph or video need not testify as long as the witness who does testify verifies that it is a "fair and accurate depiction." *State v. Freeze,* 12th Dist. Butler No. CA2011-11-209, 2012-Ohio-5840, ¶ 66.

{¶ 16} D.R. testified the screenshots of the text messages were in "general a broad range from the time that we were separated until now," although some of them were from before they were separated but after the child was born.  T. at 40, 43, 100-101, 113, 124.  One was dated December 14, 2017, while the parties were still living together, and a few were identified as being from December 2019.  T. at 44, 54, 59, 61, 115.  The content of the December 2019 text messages was consistent with an incident at appellee's home wherein appellant came over "in some sort of intoxicated state of mind," refused to leave, and broke the glass in appellee's front door.  T. at 54.  Appellee testified the text messages were "true and accurate copies" of text messages between he and appellant.  T. at 64.  Appellant did not dispute that she wrote the text messages.  T. at 163-164.  She admitted to saying "some stupid stuff that I should have never said."  T. at 165.  She stated, "I was in my emotions and talking to somebody I thought I could trust but I guess not."  T. at 194.  When asked by her counsel "in looking back at---at these text messages are you in the same mental state now as you were when these text messages may have been sent" appellant responded, "[n]ot at all."  T. at 164.

{¶ 17} In denying appellant's objection to the admissibility of the text messages, the magistrate took the quoted exchange between appellant and her counsel as "a tacit admission that they were her communications sufficient for authentication."  T. at 220.  The magistrate further stated: "The arguments that you've made, counsel, really go to the weight of that as opposed to its admissibility and that'll be for me to determine as I go through as the finder of fact[.]"  T. at 220-221.

{¶ 18} Based upon the testimony of both appellee and appellant, we find the text messages were properly authenticated pursuant to Evid.R. 901.

{¶ 19} Upon review, we do not find an abuse of discretion in admitting the text messages.

WEIGHT GIVEN TO TEXT MESSAGES/MENTAL HEALTH/ INJURIES TO THE CHILD/ APPELLEE'S HISTORY WITH PRIOR PARENTING AGREEMENTS

{¶ 20} Appellant challenges the weight given to various issues i.e., the text messages, her mental health, injuries to the child, and appellee's history with prior parenting agreements. The magistrate heard testimony from each party on these issues. The magistrate was tasked with determining the credibility of the testimony and the evidence presented in light of the factors set forth in R.C. 3109.04(F)(1). A review of the magistrate's decision indicates the magistrate did just that. In her March 26, 2021 objections to the trial court, appellant argued the magistrate either gave "substantial weight," "undue weight," "minimal weight," "no weight," or did not give "fair weight" to the evidence presented. As noted above, the magistrate has discretion to assign whatever weight is so chooses to the evidence presented and the factors to be considered in R.C. 3109.04(F)(1). Because it is impossible to determine "how much" weight the magistrate assigned to the evidence and/or the factors, the question is whether the magistrate's decision is supported by a substantial amount of credible and competent evidence.

{¶ 21} In its April 13, 2021 opinion/judgment entry, the trial court noted it conducted an independent review, and determined the magistrate did not err in assigning weight to the evidence and factors and did not err in reaching her decision. In support of this finding, the trial court cited to numerous pages in the transcript referencing direct and cross-examination testimony from each party. T. at 17-22, 32-36, 39-55, 63, 64-66, 70,

73-74, 86-87, 93-94, 101, 111-121, 124-125, 158-159, 163-164, 166-167, 169-182, 186, 188, 196, 200-201, 205-206, 210-212.

{¶ 22} Although appellant provided contrary testimony to the cited issues, we defer to the magistrate's interpretation and weight of the evidence as it observed first-hand the witnesses and their demeanor. *Wright v. Wright,* 5th Dist. Stark No. 2012CA00232, 2013-Ohio-4138. In reviewing the record and giving due deference to the magistrate/trial court, we find the decision is supported by a substantial amount of credible and competent evidence. The magistrate/trial court did not lose their way and did not create a manifest miscarriage of justice.

## MORE SUITABLE SCHEDULE

{¶ 23} R.C. 3109.051(D) sets forth factors to consider in granting parenting time. Appellant argues the magistrate/trial court erred in considering the factor stated in subsection (D)(3): "The child's and parents' available time, including, but not limited to, each parent's employment schedule, the child's school schedule, and the child's and the parents' holiday and vacation schedule[.]"  In her appellate brief at 9, appellant argues the trial court abused its discretion "in its unreasonable conclusion" that appellant's schedule was "less suitable" than appellee's to parent the child.

{¶ 24} We do not find a finding by either the magistrate or the trial court that appellant's schedule was "less suitable."  In her objections to the trial court, appellant argued the magistrate "implied" appellee's work schedule was more suitable to parent the child. The trial court treated this argument as a challenge to "the weight of daycare."

{¶ 25} In her February 10, 2021 decision, the magistrate noted appellee works "a job which is steady throughout the week with weekends off."  Appellant is self-employed

and "is in transition with her business. There was no testimony about the hours her business was open or what a normal schedule looks like for her." When appellee is at work, the child attends daycare at the local YMCA four days a week. T. at 69-70, 121. The week is very structured and routine. T. at 74, 128. Appellant gave conflicting testimony about her job's flexibility and whether she has family to help her watch the child. T. at 25-26, 28, 42, 44-45, 47-48, 57-58, 60-64, 66-67, 162, 197. At the time of the hearing, appellant was in the process of moving/setting up her businesses. T. at 11-13. Appellant testified she has a play area set up at her business and an employee can help watch the child when the child is at work with her. T. at 126-127, 190-191.

{¶ 26} Based upon the evidence presented, we cannot say the magistrate's/trial court's decision was against the manifest weight of the evidence. We note a decision made under R.C. 3109.051 pertains to parenting time. We do not find the trial court abused its discretion in adopting the magistrate's decision on parenting time.

DEPENDENCE ON HEARING THAT NEVER OCCURRED

{¶ 27} In its April 13, 2021 opinion/judgment entry, the trial court stated the following:

> With regards to observations made from a hearing which purportedly occurred on March 11, 2020, the Court cannot find record of the same. Therefore, the Court finds it was error for the Magistrate to make any findings related to this hearing.

<u>Any reference to the hearing of March 11, 2020, and observations by the Magistrate about either party from that hearing is hereby stricken from the Magistrate's Decision of February 10, 2021</u>.

{¶ 28} The trial court stated in fn. 8: "Further, the Court has not considered this stricken evidence when evaluating whether the sufficient evidence exists to support the findings of the Magistrate."

{¶ 29} Clearly the trial court did not base its independent review on anything the magistrate relied on regarding the purported March hearing.

{¶ 30} Upon review, we find the trial court did not abuse its discretion in denying appellant's general objection.

{¶ 31} The sole assignment of error is denied.

{¶ 32} The judgment of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division is hereby affirmed.

By Wise, Earle, P.J.

Wise, John, J. and

Delaney, J. concur.

EEW/db